OPINION
David Schutte and his wife Roberta appeal from a summary judgment rendered against them on their personal injury negligence complaint against defendant-appellee Richard Perkins. Schutte contends that the trial court erred by granting summary judgment to Perkins because a genuine issue of fact exists regarding whether Perkins negligently responded to an oncoming car that crossed the centerline due to the fact that he consumed two beers two-and-a-half hours prior to the event. We disagree. Without more, a driver does not breach a duty of ordinary care to his guest passengers simply because his reaction time to an accident may be less than ideal, even when that is the consequence of his voluntary act in having consumed two beers. Moreover, Schutte failed to establish causation even if Perkins had breached a duty to him. Accordingly, the judgment of the trial court is Affirmed.
 I
Richard Perkins, a 210-pound man, drank two beers around 3:30 P.M. on November 15, 1997. At 6:00 P.M. Perkins drove to David Schutte's house and picked up Schutte and his wife, Roberta, to go to dinner in Dayton. Unfortunately, they never made it to their destination because Kevin Hawkins, approaching them from the opposite direction, lost control of his truck, crossed the centerline, and crashed into the front corner of the driver's side of Perkins' van at 6:10 P.M. Hawkins and his passenger died; Perkins' passengers were injured. Hawkins was cited for failure to yield and driving left of center.
Mr. Schutte sustained a broken sternum as a result of the accident. The Schuttes sued Perkins for negligence. Perkins successfully moved for summary judgment. From that judgment, Schutte appeals.[1]
 II
Schutte's sole assignment of error is as follows:
 WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE IN LIGHT OF THE DISPUTE FACTS
In this assignment of error, Schutte asserts that the trial court erred by rendering summary judgment, because a genuine issue of fact exists whether Perkins was negligent. Schutte argues that Perkins' consumption of alcohol diminished his reaction time, and that this diminished reaction time was a proximate cause of the injuries Schutte suffered. The trial court disagreed, finding that the facts failed to show a negligent act or that a negligent act was the proximate cause of Schutte's injuries. We review the appropriateness of summary judgment de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-70 (internal citations omitted). Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record demonstrating that no genuine issue of material fact exists on the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once the moving party meets that burden, the non-moving party has a reciprocal burden of showing that a genuine issue of material fact exists to prevent summary judgment. Id. at 294. If the non-moving party fails to meet this burden, then summary judgment is appropriate. With this standard in mind, we address Schutte's argument.
To recover damages for negligence Schutte must establish that: (1) Perkins owed a duty to conform his conduct to a standard of ordinary care to Schutte; (2) Perkins breached that duty; and (3) the breach proximately caused an injury to Schutte. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565. Perkins owes a duty to his passengers to "use reasonable and ordinary care" for their safety and is "liable for injuries proximately caused by negligence in the handling of the vehicle." Lococo v. Lococo (Sept. 15, 1989), Erie App. No. E-89-7, unreported, citing Clinger v. Duncan (1957), 166 Ohio St. 216, 219. Additionally, "The standard test for establishing causation is the sinequa non or `but for' test. Thus, a defendant's conduct is a cause of the event (or harm) if the event (or harm) would not have occurred but for
that conduct; conversely, the defendant's conduct is not the cause of the event (or harm) if the event (or harm) would have occurred regardless of the conduct." Anderson v. St. Francis-St. George Hosp., Inc. (1996),77 Ohio St.3d 82, 84-85, quoting Prosser Keeton, Law of Torts (5 Ed. 1984) 266.
Perkins met his initial burden under Civ.R. 56(C) when he moved for summary judgment on Schutte's negligence claim and supported his motion with a copy of the accident report and specific portions of Schutte's deposition. He argued that he did not breach the duty to use reasonable and ordinary care for the safety of Schutte. The accident report demonstrated that Perkins was not issued a citation for the accident. Schutte's deposition testimony indicated that Schutte could not determine if Perkins' driving ability was impaired.
Once Perkins made his initial showing, the burden shifted to Schutte to demonstrate the existence of a genuine issue of fact to prevent summary judgment. He attempted to meet this burden by submitting the affidavit of forensic toxicologist Harry Plotnick. Mr. Plotnick averred that Perkins' ability to respond to the accident may have been impaired due to the consumption of two beers prior to the accident. Additionally, Schutte submitted conflicting deposition testimony regarding the amount of time available to respond to the accident. In his reply to Schutte's memorandum in opposition, Perkins addressed the issue of causation, to which Schutte neither objected nor attempted to reply. Specifically, Perkins pointed to deposition testimony of Schutte:
 Q Okay. Tell me what do you think [Perkins] could have done other than what he did to avoid this collision?
 A [Schutte:] I don't know if he could have swerved right or not. And it would have been a hard swerve.
 Q Okay. So you really don't there's anything he could have done but what he did —
A I don't know. True.
 Q If [Perkins] did anything wrong out there that he contributed to the injury to you, to his family and to the deaths of those two people in that truck; is that true?
A True.
Deposition of David Schutte, 24.
We conclude that summary judgment was appropriate. Drivers are not insurers of their passengers' safety. There are many situations in which a driver's response time to a potential accident may be impaired. We live in a busy world. Drivers are often expected to drive under less than ideal conditions. However, without more, a driver does not breach a duty to his passenger simply by drinking two beers hours before driving with a passenger in his automobile. See Bodan v. American Employers Ins. Co. (La.Ct.App. 2nd Cir. 1964), 160 So.2d 410, 415 (internal citations omitted) ("The principle is established in our jurisprudence that the mere showing that one has imbibed alcoholic beverages immediately before driving an automobile is not to be construed as evidence per se, that he is guilty of negligence, should he be involved in an accident.")
Moreover, regardless of whether Perkins' actions were a negligent act, Schutte failed to demonstrate a genuine issue of fact regarding causation. He presented no evidence that but for Perkins' consumption of alcohol the accident would not have occurred. In fact, Schutte has pointed to no evidence, as required under Civ.R. 56(C) to suggest that Perkins could have avoided the collision with Hawkins even if his reaction time was not diminished. To the contrary, Schutte indicated in his deposition that he was not aware of anything that Perkins could have done to have avoided the collision, even if his reaction time been ideal. The cause of the accident and the injuries to Schutte was Hawkins' failure to control his truck on ice, not Perkins consumption of alcohol. Accordingly, the trial court did not err when it rendered summary judgment.
Schutte's sole assignment of error is overruled.
 III
Schutte's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.
[1] Schutte refers to David and Roberta, collectively, throughout the course of this opinion.